**SALT LAKE CITY CORPORATION, a Utah Municipal Corporation, et al., Plaintiffs and Appellants,**

**v.**

**SALT LAKE COUNTY, a Utah Body Corporate and Politic, et al., Defendants and Respondents.**

**No. 14304.**

Supreme Court of Utah.

May 28, 1976.

Roger F. Cutler, Salt Lake City Atty., Salt Lake City, for plaintiffs and appellants.

R. Paul Van Dam, Salt Lake County Atty., Richard S. Sheperd, Deputy Salt Lake County Atty., Bill Thomas Peters, Special Deputy Salt Lake County Atty., Salt Lake City, for defendants and respondents.

ELLETT, Justice:

Salt Lake City, plaintiff-appellant, brought suit against Salt Lake County, defendant-respondent, seeking an extraordinary writ to compel Salt Lake County and its elected officials to comply with Section 17–34–1, et seq., Utah Code Annotated 1953. This statute was passed to remedy what is commonly known as "double taxation" which results when municipal residents are required, through county tax assessments, to finance services provided exclusively to residents of the unincorporated areas of the county. In the alternative, appellant sought a mandatory Injunction prohibiting the county from expending county general revenue funds to provide the services outlined in the aforesaid State statute. The district court dismissed appellant's complaint and this appeal followed.

Section 17–34–1, Utah Code Annotated (1953) reads:

The purpose of this act is to allow counties of first and second class to furnish municipal-type services and functions to areas of the county outside of incorporated towns or cities and defray the cost by levying taxes on taxable property in the county outside the limits of incorporated towns or cities or by charging a service charge or fee to persons benefiting from the services and functions.

■ This is an equitable enabling statute permitting counties to provide equal services to the unincorporated areas of the county. But where the county elects to provide such services the statute says it is to defray the costs by either one of two methods: (1) by levying taxes on taxable property in the unincorporated areas of the county receiving the service; or (2) by imposing a service charge or fee to persons benefited by such services.

■ Where the county chooses to follow the first part of the statute (providing services) the second part of the statute must be followed. The extent by which the costs would be defrayed by the two methods would of course depend on all the costs thereof and all the surrounding circumstances. To hold that the county may provide services without attempting to collect money to defray the cost would serve as an unjust burden upon the city residents and be contrary to the clear statutory language.

■ The respondent County challenges the constitutionality of the statute because of the use of the words "counties of the first and second class." It contends that these terms are not defined by the statute and are therefore vague and unconstitutional.

Section 17–16–13, Utah Code Annotated 1953 defines classes of counties for purposes of compensation of county officers. This statute was first enacted in 1898 and has been on the books ever since. An examination of the language of this statute and those in the same section indicates the intent of the legislators to classify counties and then remunerate officers based upon such classifications. Originally counties were classified into 15 classes but this was later changed in 1945 to the present six classes. When the legislators adopted 17–34–1 in 1971, enabling counties to furnish services to unincorporated areas, they had the 1945 amended class structure before them. When they wrote of "first and second class" counties they no doubt had 17–16–13 in mind. Had they felt it necessary

to adopt a separate class distinction at this time they could easily have done so. We therefore do not find anything unconstitutional about the statute in question.

Other assignments of error are without merit. The judgment is therefore reversed and remanded to the district court with directions to enjoin the furnishing of all municipal services (except fire ·fighting services) [1] to unincorporated areas of the county until the respondents comply with the provision of Section 17–34–1, U.C.A. 1953, Replacement Volume 2B.

No costs are awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

1. Other sections of the statute provide for a county wide fire department: 17–5–68, U.C.A.1953, 11–7–1, U.C.A.1953, Replacement Vol. 2A.